IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-06-15 |
| | § | (Civil Action No. H-09-2400) |
| SOLOMON APPIAH | § | |

## **MEMORANDUM AND ORDER**

Defendant Solomon Appiah filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 80] and a supporting Memorandum of Law. The United States filed a Response [Doc. # 86], and Defendant filed a Reply [Doc. # 89]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the case, and the application of governing legal authorities, the Court **denies** Defendant's § 2255 Motion, and **dismisses** the corresponding civil action (H-09-2400) for the reasons set forth below.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Defendant was charged by Indictment returned January 18, 2006, with being a felon in possession of a semiautomatic pistol in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] The firearm was discovered on October 29, 2005, in connection with

---

[1]   Defendant had four prior felony convictions.

a traffic stop of Defendant for failing to stop for a stop sign. After Houston Police Department ("HPD") officers determined that Defendant did not have a valid Texas drivers license or mandatory insurance, the officers arrested him and conducted an inventory search of the vehicle. Under the hood of the vehicle, the officers found a black T-shirt wrapped around the firearm with five live rounds of ammunition in the magazine.

During the traffic stop, the HPD officers observed that Defendant had a gold "grill" covering his top front teeth with the word "Solo" across it, as well as a gold necklace with a charm that read "Solo." The officers were aware that a gang member with the street name "Solo" was a suspect in two recent shootings in the area, one on September 13, 2005 (the "September shooting") and one on October 12, 2005.

The HPD officers seized the firearm. An HPD firearms examiner determined that the firearm had discharged casings and a bullet recovered from the two shootings.

Defendant moved to suppress the firearm, arguing that the officers exceeded the scope of a lawful inventory search when they looked under the hood of the vehicle. The Court rejected the argument and denied the motion.

On April 4, 2006, Defendant entered a plea of guilty to the felon-in-possession charge without a plea agreement. The Court advised Defendant that by pleading

guilty he was waiving his right to challenge any non-jurisdictional defects in the prosecution of his case, including the denial of his motion to suppress.

At sentencing, United States Probation in the Presentence Report ("PSR") recommended a four-point upward adjustment pursuant to United States Sentencing Guidelines § 2K2.1(b)(5) because Defendant possessed the firearm in connection with another felony offense (the September shooting) or possessed or transferred the firearm with knowledge that it would be used in connection with another felony offense. The Government cited the statements of Donald Holmes, the victim of the September shooting, and the conclusions of the firearms examiner that the firearm found in Defendant's possession on October 29, 2005, had been used in the September shooting six weeks earlier. Defendant argued against the § 2K2.1(b)(5) enhancement, both in a written objection and orally at sentencing. Specifically, Defendant challenged Holmes's credibility based on his having given inconsistent statements and being a felon with an admitted bias against Defendant.

The Court imposed the four-point enhancement, granted Defendant a three-point reduction for timely acceptance of responsibility, and calculated the advisory guideline range to be between 110 and 137 months. The Court sentenced Defendant to 110 months.

Defendant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed the District Court. *See United States v. Appiah*, 284 F. App'x 126 (5th Cir. June 26, 2008). This § 2255 Motion followed.

## II.   **APPLICABLE LEGAL STANDARDS**

### A.   **Standard for Relief Under Section 2255**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *Id.* Claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, may be raised for the first time in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500 (2003).

Defendant is proceeding *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S.

519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts to support their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (*per curiam*) (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)). The record in this case is adequate to dispose of Defendant's claims fully and fairly. Therefore, an evidentiary hearing is not necessary.

### B. Standard for Ineffective Assistance of Counsel Claims

Defendant claims that he was denied effective assistance of counsel. The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *cert. denied*, 547 U.S. 1041 (2006). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* (quoting *Strickland*, 466 U.S. at 689). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* An attorney's failure to make meritless arguments does not demonstrate deficient performance and cannot form the basis for relief under § 2255. *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir.) (quoting *Strickland*, 466 U.S. at 694), *cert. denied*, 546 U.S. 919 (2005).

A claim that counsel has provided ineffective assistance on appeal is similarly governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable, non-frivolous issues to appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel is not deficient for failing to raise every non-frivolous issue on appeal. *United States v. Reinhart*, 357 F.3d 521, 524 (5th Cir. 2004) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 2000)). To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "fall[s] below an objective standard of reasonableness." *Id*. This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id*.

If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

### III. ANALYSIS

#### A. Counsel at Sentencing

Defendant argues that his attorney at sentencing provided constitutionally ineffective assistance. Specifically, Defendant claims that his attorney (1) failed to argue that the enhancement under § 2K2.1(b)(5) should not apply because there was an inadequate temporal connection between the September shooting and Defendant's charged offense and (2) allowed the Court to consider statements in the PSR even though the PSR is not evidence.

***Temporal Proximity Claim.*** – Appellate counsel argued on appeal that there was an inadequate temporal connection between the September shooting and Defendant's possession of the firearm in October. The Fifth Circuit stated that Defendant failed to raise this argument at sentencing and, therefore, stated that review would be for "plain error." *See Appiah*, 284 F. App'x at 127. The Fifth Circuit then considered the challenge and held that the dispositive issue was whether the September shooting was "relevant conduct as to the offense of conviction." *Id.* The Fifth Circuit determined that Defendant's position was "without merit" and that there

was no showing that "the district court committed error, plain or otherwise, by applying the § 2K2.1(b)(5) enhancement." *Id.* at 128. The Fifth Circuit relied on other Fifth Circuit case law, specifically *United States v. Brummett*, 355 F.3d 343 (5th Cir. 2003).[2] In *Brummett*, the defendant entered a plea of guilty to being a felon in possession of a firearm. The district court in that case imposed an enhancement under § 2K2.1(b)(1) and § 2K2.1(b)(5) based on the defendant's possession within a nine-month period of other firearms that were not charged in the indictment. The defendant argued on appeal that the enhancement was improper because the possession of the uncharged firearms was "too remote in time from the offense of conviction to warrant the increase in his offense level." *Id.* at 344. The Fifth Circuit rejected the defendant's argument, citing a Seventh Circuit case where the enhancement was based on conduct within "a six to nine month period" and a Tenth Circuit case where the conduct occurred "over a four to five month period." The Fifth Circuit in *Appiah* cited *Brummett* as legal authority for its decision, noting that Appiah's alleged relevant conduct occurred on September 13, 2005, and the charged offense occurred on October 29, 2005.

---

[2] Defendant asserts that the *Brummett* case is not applicable. *See* Reply, p. 3. It is clear, however, that the Fifth Circuit disagreed.

It is clear that the Fifth Circuit considered the temporal proximity argument and, based on clear Fifth Circuit precedent, rejected Defendant's argument. Although the Fifth Circuit's review was for "plain error," the court noted that there was no showing of error "plain *or otherwise*." *Appiah*, 284 F. App'x at 128. Therefore, Defendant has failed to show that his attorney at sentencing was constitutionally ineffective for failing to raise the "temporal proximity" argument or that the failure to do so prejudiced Defendant on appeal. Defendant's § 2255 Motion is denied as to this claim.

***Consideration of PSR Claim*** *–* Defendant argues that his counsel at sentencing was ineffective for allowing the Court to consider information in the PSR which, Defendant argues, is not evidence. "In making factual determinations at sentencing, the district court is entitled to rely upon the information in the PSR as long as the information bears some indicia of reliability." *United States v. Scher*, __ F.3d __, 2010 WL 1032639 (5th Cir. Mar. 23, 2010) (citing *United States v. Shipley,* 963 F.2d 56, 59 (5th Cir. 1992)). "The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue." *Id.* (citing *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007)).

In this case, counsel at sentencing argued that there was insufficient credible evidence to support the § 2K2.1(b)(5) enhancement. Defendant's attorney vigorously

challenged the statements in the PSR attributed to Holmes, the victim of the September shooting, arguing that the statements were inconsistent and that Holmes was a felon with a known bias against Defendant. The Court, considering all the evidence in the record and the information in the PSR, determined by a preponderance of the evidence that Defendant was involved in the September shooting. Defendant has not shown that his attorney's failure to argue that the Court could not consider the information in the PSR was either deficient performance or prejudicial to Defendant. As a result, Defendant is not entitled to relief under § 2255 on this claim.

### B. Counsel on Appeal

Defendant argues that he was denied effective assistance of counsel on appeal because appellate counsel (1) failed to appeal the denial of Defendant's motion to suppress and (2) failed to argue that the United States was estopped to claim that the September shooting was relevant conduct. Defendant's claims are not supported by governing legal authority or by the record in this case.

Appellate counsel was not constitutionally ineffective for failing to appeal the denial of Defendant's motion to suppress. By entering a plea of guilty, Defendant waived all non-jurisdictional defects, including the denial of a motion to suppress. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 331 (5th Cir. 2008). Because

the issue had been waived, there was no legal basis for appellate counsel to challenge the denial of the motion to suppress.

Defendant complains that his appellate counsel failed to argue that the United States should be estopped from arguing that the September shooting was relevant conduct. The record refutes Defendant's argument in this regard, showing that appellate counsel challenged the Government's argument regarding relevant conduct as being presented for the first time on appeal and not before the District Court. *See* Defendant's Reply Brief on Appeal, Exh. 3 to Response, pp. 2-3. Because the issue was presented to the Fifth Circuit on appeal, appellate counsel was not constitutionally ineffective for failing to present the argument on appeal.

### IV. **CERTIFICATE OF APPEALABILITY**

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would conclude without debate that Appiah has not stated a valid claim for relief under § 2255. Accordingly, a certificate of appealability will not issue.

## V.  CONCLUSION AND ORDER

Because Defendant has failed to establish that he was denied constitutionally effective assistance of counsel at sentencing or on appeal, he has failed to demonstrate an error of constitutional or jurisdictional magnitude.  Consequently, he is not entitled to relief under 28 U.S.C. § 2255, and the Court **ORDERS** as follows:

1. Defendant's pending § 2255 motion [Doc. # 80] is **DENIED**, and the corresponding civil action (H-09-2400) is **DISMISSED** with prejudice.

2. A certificate of appealability from this decision is **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-09-2400.

SIGNED at Houston, Texas, this 29th day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge